LAW OFFICES OF
# JARED M. LEFKOWITZ

| | | |
|---|---|---|
| 1180 Avenue of the Americas | Tel (212) 682-1440 | 26 Park Street |
| 8th Floor | Fax (917) 591-8991 | Suite 2211 |
| New York, NY 10036 | JML@JMLefkowitzLaw.com | Montclair, NJ 07042 |

February 9, 2022

**BY ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

By **February 10, 2022**, Plaintiff shall file a response, not to exceed two pages.  So Ordered.

Dated:  February 10, 2022
            New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:   Jimenez v. Bogoto Realty, Inc., et al
         Case No. 21 cv 9664

Dear Judge Schofield:

I represent the Defendants in this case, and this letter application is to request that the Court: (a) stay all deadlines and refer this case to mediation, and (b) preclude Plaintiff from recovering attorney's fees and expenses incurred after February 8, 2022. As described below, Defendants have consented to an injunction, and have offered to pay Plaintiff her entire damages, attorney's fees, and expenses to date, but Plaintiff refuses to tell us what they are thus compelling this case to proceed unnecessarily.

Defendants fully recognize that we cannot, and the court cannot, force the Plaintiff to settle this case. But Plaintiff's damages now are the same as they will be in one month, or after three years of litigation. The only thing that will increase in such a duration is the amount of attorney's fees and expenses, and Plaintiff should not be able to refuse to resolve the case now while those fees and expenses accrue and which would not be compensable to Defendants in the context of a Rule 68 offer of judgment. Further details are as follows.

In this lawsuit Plaintiff alleges violations of the Americans With Disabilities Act ("ADA") for Defendants' alleged failure to install a ramp at the front entrance of the subject location, as well as other claimed defects. However, in September 2021 and earlier, before this lawsuit was filed and before Defendants even knew of Plaintiff's existence, a permanent ramp was installed at the entrance to the subject location as well as other modifications to make the location fully compliant. Accordingly, having nothing to do with this lawsuit, Defendants had already made the location fully ADA compliant.

Hon. Lorna G. Schofield
February 9, 2022
Page 2

For that reason, since Defendants had already done so, and already intended to do any further modifications which may be necessary, we notified Plaintiff's counsel in writing that Defendants will not challenge Plaintiff's claim in this case for an injunction. To put it plain – Defendants will correct any deficiency alleged in the complaint in order to make sure the location is fully ADA compliant[1]; and further, we will also perform any other work as may be necessary to put the location in full compliance – even if not specifically alleged in the complaint. This offer could not be more comprehensive, and it would be set forth in writing in a settlement agreement.

Therefore, the only issues remaining to be resolved in this case are Plaintiff's damages, and attorney's fees and expenses. In that regard, since this case is in its very early stages, and those amounts should be *de minimis*, we have requested from Plaintiff, also in writing, the total amount of damages, attorney's fees, and expenses to date. So long as the amount is reasonable and reflects that we are in the nascent stages of this case, Defendants have made the business judgment that it may be better to simply pay to resolve the whole case now instead of making a dispositive motion. Yet, as noted, Plaintiff refuses to tell us what the damages, attorney's fees, and expenses are to date. Plaintiff refuses to give us any dollar figure at all.

Plaintiff's actions are unnecessarily multiplying these proceedings, causing the attorney's fees and expenses to increase. There should be no need for the parties and the Court to work on a scheduling order in this case, have a scheduling conference, for Defendants to serve an Answer, and for any further work to be done on this case. Indeed, even the requested mediation should not be necessary. Plaintiff should state right now what the damages are, and the attorney's fees and expenses to date, so that Defendant may have the option to simply pay those amounts and resolve this case.

As noted, neither Defendants nor the Court can force Plaintiff to settle, but the Court under these circumstances should cap the attorney's fees and expenses recoverable by the Plaintiff.

Respectfully submitted,

Jared Lefkowitz

---

[1] To the extent not already done as set forth above.